United States District Court
Southern District of Texas

**ENTERED**
October 03, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT    SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Reynaldo Jacob Prado Tefel, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action H-21-4183 |
| | § | |
| Randy Tate, Warden of the | § | |
| Montgomery Processing Center, et al., | § | |
| Respondents. | § | |

# Memorandum and Recommendation

Prado Tefel, acting *pro se*, filed his petition for writ of habeas corpus on December 27, 2021. ECF No. 1. He filed a notice of appeal February 10, 2022, ECF No. 8, divesting this court of jurisdiction. The appeal was dismissed on the Petitioner's motion on June 10, 2022. ECF No. 19. On the same day, the court ordered the government to respond to the petition. ECF No. 20. On July 22, 2022, through counsel, the Petitioner filed his Amended Petition. ECF No. 26. The government moves to dismiss. ECF No. 35.

Prado Tefel was in the custody of Immigration and Customs Enforcement awaiting deportation when he filed his Petition and Amended Petition. In both pleadings he sought release on bond. He argued that his continued detention without a foreseeable removal date was unconstitutional.

Prado Tefel has now been removed from the United States. ECF No. 40-1. While he was in "custody" for purposes of 28 U.S.C. § 2241 when he filed his Petition and Amended Petition, his release renders both moot. *See Sosa v. United States*, 504 F. App'x 353, 353–54 (5th Cir. 2013) (unpublished); *see also Avulov v. Bureau of Immigration & Customs Enf't*, No. CV B-07-227, 2008 WL 11388552, at *2 (S.D. Tex. May 27, 2008), *report and recommendation adopted*, No. CV B-07-227, 2008 WL

11388558 (S.D. Tex. June 18, 2008). The court therefore recommends that this action be dismissed.

Because the court is recommending that the case be dismissed as moot, Prado Tefel is not a prevailing party and cannot recover attorney's fees. *Ward v. Dearman*, 626 F.2d 489, 492 (5th Cir. 1980).

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases;[1] 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on October 3, 2022.

_____
Peter Bray
United States Magistrate Judge

---

[1] The district court may apply Rules Governing Section 2254 to actions filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.